W. H. WALL ET AL. v. W. W. DICKENS ET AL.

1. HUSBAND AND WIFE. *Partial intestacy. Failure of widow to renounce will. Code 1871, §§ 1281–1288, 1788, 1952. Acts 1876, p. 193.*
    Under the code of 1871 as amended by the act of 1876, where there are no children nor descendants of them, the widow of a testator, who is one of the beneficiaries under the will of her husband which disposes of a portion of his estate, does not, by a failure to renounce the provisions of the will, lose her right as sole heir to inherit the remainder of the property as to which the husband died intestate.

2. SAME. *Election. Devise in lieu of dower or legal share. Renunciation. Widow as sole heir.*
    Under §§ 1286, 1287, code 1871, the rule as to a provision by the will of the husband and its acceptance by the widow, being in lieu of her " dower in land," or "share in personalty of the estate," applies only when the widow is one of *several heirs*, who would be entitled, in the absence of a will, to share with her in the estate of the deceased. Where there are no children this statute has no application, and the widow may accept under the will, and, in preference to collateral heirs, will still inherit the remainder of the estate which is not disposed of by the will.

FROM the chancery court of the first district of Panola county. HON. J. G. HALL, Chancellor.

D. R. Wall, a citizen of Panola county, died July 8, 1877, the owner of a considerable estate real and personal situated in said county, leaving a widow but no children nor descendants of children surviving him. He left a will which was duly probated by which, after certain legacies, he gave to his said widow for life his entire estate, making no disposition whatever of the remainder interest. Mrs. Wall took the property and made no renunciation.

The widow being dead, the appellants, who are the heirs-at-law of the brothers and sisters of the husband, filed this bill against her legal representative and heirs seeking to recover the remainder, as to which the said D. R. Wall had died intestate. The court below decreed in favor of defendants, and complainants appealed. Numerous questions were raised and argued, but as this court disposes of the case against the appellants on a single point, which is

fully stated in the opinion, it is unnecessary to refer to the other questions or to make any further statement of the case.

*R. H. Taylor* and *Calhoon & Green*, for appellants.

Dower is an estate which the *law* gives the *widow*, and, in contravention of the old policy that estates went to the blood of the first purchaser. Formerly it was an estate for life in the third part of the lands of which the husband was seized at any time during coverture. The law of dower has undergone many changes, but all had reference to the original source. When it was finally abolished " as heretofore known," in the code of 1880, it was then defined as " the interest which the wife has under this code in the land of her husband after his death under certain circumstances." Code 1880, § 20. Before dower was abolished, the provisions of law in the code of 1871 for the widow meant *dower*. In *Gibbons* v. *Brittenum*, 56 Miss. 245, *dower* is spoken of as the provision which the *law* makes for the widow. So in the act of 1876—it all means dower. The point we desire to press on the attention of the court is this : Whether the rights of the widow under § 1788, code 1871 (which gives her, in case of intestacy the entire estate of the husband, if there are no children) be called *dower* or not, she, under § 1288 of that code, even in case of *partial intestacy*, must *renounce* within six months or be barred of her statutory inheritance. This section provides that : " If the will of the husband devise part of both the real and personal estate, the widow shall renounce the whole, or be otherwise barred of *her right* to both real and personal estate," etc.

The will of Wall devised both real and personal property, all of it except the remainder, and as the widow did not renounce, she forfeited all other interest than the life estate the will gave her. The act of 1876 (p. 193, §§ 54, 55) does not change this. It simply amends the code of 1871 so as to give the whole estate to the widow in case of intestacy and no children. Section 1288 remained in full force, and, notwithstanding the act of 1876, the widow was still required to renounce or take only as provided in the will. Where there is no will, she takes all. Where there is a will, she must stand by it, or renounce as before. Substantially the same pro-

visions as to renunciation are brought forward in the code of 1880. See §§ 1172–1174.

It is by no means certain that the disposition by this will is not complete. 1 Williams on Exrs. 654. But, whether complete or not, § 1288, code 1871, is conclusive, and we ask the court to note specially the concluding sentence of this section.

It is unmistakable from this will that the testator designed for his wife a *life estate, and no more.* He provided that the special lega- cies should not be payable until her death, and he mentions that he has " not forgotten his brothers and sisters."

Section 1952, code 1871, referred to in the chancellor's opinion, throws no light on this case. It is merely directory to the exe- cutor, instructing that in case of property not devised distribution shall be as in case of intestacy. It has no sort of reference to *dower*, or the statutory inheritance given to the widow in lieu of it, or to § 1288. If it has, § 1288 is nonsense. Why enact it ? The sections harmonize if our view is correct. Why provide by § 1288 that in cases of *partial intestacy* the widow shall renounce *the whole* or be barred of her right, if we are not correct ?

The act of 1876 refers to *intestates* and not to *partial testacy*, and therefore does not disturb § 1288 ; so far from this, it is an amend- ment specifically of § 1281, which provides for election, and refers to *intestacy*, and not *partial* testacy. It amends also § 1282, which provides *for election.* Section 1288 remained in full force after the passage of this act.

*Miller & Rainwater*, for appellees.

Section 1286, code 1871, which provides that any devise or bequest to the wife shall be construed as in lieu of dower did not bar the widow, because that section had reference to a will dis- posing of the husband's *whole* estate. It was enacted upon the presumption that a testator does not intend to die intestate as to part of his property.

A claim for dower, to be inconsistent with the will, must defeat, interrupt or disappoint some of its provisions. *Curriel* v. *Ham*, 2 Iowa 552 ; 43 Am. Dec. 754.

D. R. Wall having died intestate as to all his property except the

66 Miss.—42

legacies, the claim of Mrs. Wall would defeat no other provision of the will.    27 Am. Dec. 595; 56 Ib. 451, 518; 2 Williams Exrs., § 1270.

The attention of the court is particularly called to *Armstrong* v. *Berreman*, 13 Ind. 422.

The above authorities show that the property as to which the party dies intestate descends in the channel directed by law.

The act of 1876 (p. 193) gives the entire estate to the wife if there is no will and the husband is childless.    And § 1952, code 1871, provides that all property not devised shall descend and be distributed as in case of intestacy.    The wife inherits from the husband, and *vice versa*.

It was the policy of our law to change the old rule and give the wife the entire estate when there are no children.    This was done in view of the well-known fact the estate of the husband is often augmented by the industry and self-denial of the wife.    Her claim is more just than that of collateral heirs.

It will not do to hold that a will which gives to a wife a portion of the estate of the husband, possibly a mere pittance, excludes her when all the remainder of the estate is undisposed of thereunder. So to hold would defeat the policy of the law.

We refer the court to the following authorities on this point: 2 Wait's Ac. and D. 506 ; 3 Ib. 661; 51 Am. Dec. 576 ; 43 Ib. 75.

In order to exclude the widow, there must be some one in whose favor the bar is to operate.    Here there was no one except the special legatees, and they were provided for.

The interest which the wife receives under the act of 1876, where there are no children, is not a mere *dower* estate, but an estate of inheritance.    Bouvier's Law Dict., title Inheritance.

It was held in Ohio under a statute like ours that the effect of the election is confined to the rights of the party as widow, and does not affect her rights as *heir* as to property not disposed of by the will.    16 Ohio St. 354.    See also 28 Ib. 191 ; 13 Ind. 422.

CAMPBELL, J., delivered the opinion of the court.

The only question for decision in this case is, whether under the

code of 1871, §§ 1281, 1282, as amended by, "An act, etc.," approved April 15, 1876, § 54 and § 55, session acts, pp. 193, 194, the widow of a testator, who made but a partial disposition of his estate, and therefore died intestate, as to part of it, and left surviving him neither child nor descendant of a child, by failing to renounce the provisions of the will, which gave her both real and personal estate, thereby lost her right as the sole heir of her deceased husband to inherit that part of his estate as to which he died intestate.  By § 1952 of that code it is declared that, "All such estate, both real and personal, as is not devised or bequeathed in the last will and testament of any person shall descend and be distributed in the same manner as the estate of an intestate."

By § 1788, it is provided, "If a husband dies intestate, leaving no children nor descendants of children, his widow shall be entitled to his entire estate, real and personal in fee simple, etc."

From these provisions the conclusion would be irresistible that the widow, in the case stated, being the sole heir of her husband, would inherit "all such estate * * * as is not devised or bequeathed in the last will and testament," were it not for §§ 1286, 1287 and 1288 of the code of 1871, which, it is argued, barred her right to the real and personal estate not devised or bequeathed.  Section 1286 establishes the rule that a devise or bequest to the wife of the testator "shall be construed to be intended in bar of her dower in land or share of the personal estate, respectively, unless it be otherwise expressed in the will."   Section 1287 regulates the manner of renunciation by a widow of a devise or bequest, so as to secure her right of dower in land and her share in personal estate ; and § 1288 completes the provision for the operation of wills in such cases, by declaring, "If the will of the husband devise a part of both real and personal estate, the widow shall renounce the whole or be otherwise barred of her right to both, etc., * * *: provided, that if the devise of the real or personal estate or both, shall be expressly in lieu of her legal share, in one or in both, she shall accordingly be barred, unless she renounce, as aforesaid, but if in effect nothing shall pass by such devise, she shall not be thereby barred, whether she shall or shall not renounce, as aforesaid, it being the intent of

this act and consonant to justice, that a widow accepting or abiding by a devise in lieu of her legal right, shall be considered as a purchaser for a fair consideration."

If none of these sections had existed the right of the widow, as the sole heir, to inherit the estate of her husband not disposed of by his will, would be clear, for the established doctrine was that the heir should have the estate of his ancestor, if the ancestor had not given it to some one else, and § 1952, cited above, so declares.

Sections 1286, 1287, and 1288 above, do not apply to the case of a widow who is the sole heir of her deceased husband, because such a widow had no " dower in land " or " share of the personal estate," but was entitled to all the land and personalty of her deceased husband. " Dower in land," in the sense there used, means a partial interest as regulated by the code, and " share of the personal estate " implies division with others ; having only a portion ; enjoying with others, which is not applicable to a widow in the case stated, and this shows that the language embraces only the cases where the widow is a co-heir, when it would have meaning and full force.

Learned counsel have earnestly invoked the special consideration of the concluding part of § 1288, cited, in the words : " *it being the intent of this act and consonant to justice, that a widow accepting or abiding by a devise in lieu of her legal right shall be considered as a purchaser for a fair consideration.*"

This does not in any degree conflict with the view we have taken of the application and operation of the sections mentioned. Its sole effect is to declare the equitable rule that acceptance by the widow of the provision made for her by the will shall be regarded as an exchange by her of her dower in land or share of the personal estate, and, if she shall not get what she exchanged her legal rights for, she shall not be bound, and may " rue the bargain," and it does not enlarge the scope of the language preceding it. Indeed the term " purchaser " suggests others than the widow, having conflicting rights from whom she is a purchaser, and strengthens our view, that the necessity for renunciation by the widow exists only in case of conflicting interests, and where she alone is heir she need not renounce because there is no occasion for it.

The same view was taken by the supreme court of Indiana under statutes substantially the same as ours.  *Armstrong* v. *Berreman,* 13 Ind. 422.

Any other construction of our statutes seems to us unmaintainable.  It is certainly true that where one dies the owner of lands or goods not disposed of by will, he dies intestate as to them, and the law casts descent upon his heir, and when the widow is the heir, the same result must occur, whether the intestacy be partial or entire.

The rule as to a provision by will for the widow, and its acceptance being in lieu of dower or share of personalty, was made for the ordinary case of the widow being one of several heirs in the same degree, who is not to be allowed to defeat the arrangement made by taking under the will, and under the law, and is put to her election, but where all is hers and there are no conflicting rights and there is none to contest with her the heirship to her husband, the statute has no application.

*Affirmed.*