MAGDELINE O'REILLY v. MISSOURI McGUIGGAN ET AL.

[44 South., 968.]

WILLS. *Construction. Debt. Legacy. Express trust. Probation of claims. Estates of decedents.*

Where, reciting a valuable consideration therefor, a will directed a sum of money to be paid a designated person and charged it preferentially on testator's estate, an express trust was imposed on the executors to pay it, and it need not be probated.

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor.

Mrs. McGuiggan and her two children, appellees, were complainant in the court below, and Mrs. O'Reilly, the appellant, defendant there. From a decree in favor of the complainants the defendant appealed to the supreme court.

Several years before his death one John R. M. O'Reilly, being sued by Mrs. McGuiggan for slander, compromised the case with her, agreeing to provide in his last will and testament for the payment at his death of $1,000 to her and $2,000 to each of her two children. In fulfilment of the compromise, O'Reilly, who was at the time unmarried, added to his will the following codicil:

" Codicil 2. For a good and valuable consideration, not necessary to be named here, I give unto Missouri McGuiggan one thousand dollars, and to Mary and Ellen McGuiggan, her daughters, the sum of two thousand dollars each. The gifts are based upon a valuable consideration, and I therefore covenant and agree with said devisees that they shall be and remain irrevocable by me, it being my purpose, upon the execution of this instrument and the delivery of the same to my executors, that the said Missouri, Mary, and Ellen McGuiggan shall become vested with an interest *in presenti* in and to said sums, to be paid to them upon my death, and I hereby instruct my

executors to pay said sums, respectively, to the said Missouri, Mary, and Ellen McGuiggan as soon after my death as possible, said sums to be absolutely paid by said executors and are not to be prorated with any bequests or legacies of my last will and testament, but are to be a charge upon my estate and to take precedence over any bequests which I have made or may hereafter make."

After the execution of this codicil O'Reilly married the present appellant, Magdeline O'Reilly, and subsequently died, and his will, with the codicil, was probated. No provision was made for testator's widow, save that, under her maiden name, Magdeline Ludke, she was bequeathed $5,000. Mrs. O'Reilly, the widow, within the statutory time, renounced the will, and exercised her right under the statute, Code 1892, § 4496, to take a one-half interest in the estate of her childless husband, the same being largely in excess of the sum bequeathed her.

Thereafter this suit was begun to have the amounts named in the codicil adjudged to be a debt of the decedent's estate, and the executors of the will ordered to pay the full amounts to the complainants as provided by the codicil. Mrs. O'Reilly answered, claiming that the codicil did not create an indebtedness due by the estate, but instead it gave a legacy to each of the complainants. The answer further claimed that if a debt existed in favor of complainants under the codicil it originated in the lifetime of the testator, and had not been probated. The court found that the codicil created a trust and a debt against the estate, and not a legacy, and ordered the executors of the will to pay complainant the amounts due them thereunder. After the trial, but before the signing of the decree, the court below allowed the case to be reopened and permitted the complainants to probate their claims against the testator's estate.

*McKnight & McKnight,* for appellant.

If it were necessary for the appellees to have had their

claims against the estate of the decedent probated, it was error for the court below to reopen the case, after it had been decided in favor of appellees, in order to allow them to probate and introduce in evidence their claims, not before then offered in evidence.

The appellees, instead of collecting their claims under codicil No. 2 of the will, elected to assist the other legatees by insisting by means of this suit that their claims are not legacies but debts against the decedent's estate. If the claim be maintained, it will aid complainants to no extent, inasmuch as they could collect their claims as legacies; but the other legatees will be benefited to the extent of one-half of the amount of appellee's claims, and, as a result, the amount of the appellant's interest in the estate as heir will be reduced by a like amount.

Since appellees claim under codicil No. 2, it is elementary law that they take by the terms of the codicil as legates, and if entitled to anything at all thereunder it can be only through their claims as legatees.

*Bryson & Dabney,* for the appellee.

The reopening of the case after the close of the evidence and after argument of solicitors, and the allowance of the probate and introduction in evidence of the appellee's claims against the estate, were màtters solely within the sound discretion of the court below; and as such are not reviewable. 6 Ency. Pl. & Pr., 619; *Vicksburg* v. *Waterworks Co.,* 202 U. S., 452; 50 L. Ed., 1102; *Chapman* v. *Barney,* 129 U. S., 677; 32 L. Ed., 800.

Error cannot be predicated of the action of the court below in admitting the probated claims as part of the evidence in the case. To probate the claim was unnecessary as codicil No. 2 clearly created in the executors an express trust for the payment of the amount sued for by appellees. *Gordon* v. *Mc-Dougall,* 84 Miss., 715; 8 Ency. Law (2d ed.), 1083; *Abbay* v. *Hill,* 64 Miss., 340.

Argued orally by *Theodore McKnight,* for appellant, and by *Frank Johnston,* for appellee.

CALHOON, J., delivered the opinion of the court.

By the codicil No. 2 of the will the claim of appellee and her daughters is expressly recognized as a debt and charge on the estate, and an express trust is saddled on the executors to pay it, and it was therefore unnecessary to probate it, and the decree below is right. *Gordon* v. *MacDougall,* 84 Miss., 715; 37 South., 298; 5 L. R. A. (N. S.), 355, and the authorities cited in the opinion; 8 Ency. of Law, 1083, note 5; *Abbay* v. *Hill,* 64 Miss., 340; 1 South., 484.

*Affirmed.*