BRYAN *et al. v.* BRYAN.

(Division B.   April 6, 1936.)

[167 So. 56.   No. 32061.]

Curry & Curry, of Carrollton, Ala., **Lincoln & Lincoln**
and **D. A. Burgin**, both of Columbus, for appellants.

B. H. Loving and Frank A. Critz, both of West Point, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This cause is here on appeal from a decree of the chancery court of Clay county overruling exceptions of Mamie B. Russell, Ervin Bryan, and Harper Bryan, devisees and legatees under the will of E. D. Bryan, to the final account of J. H. Bryan as executor of said will. The final account of the executor showed the payment by him of debts of the testator in the sum of seven thousand one hundred six dollars and twelve cents which had never been probated against the estate. It showed also that the executors (one having died before the final account was made) conveyed to W. E. Harkins one hundred fifty-four acres of land that had belonged to the testator on the payment of one hundred twenty-five dollars. It is averred in the exceptions that the executor under the law is chargeable with the seven thousand one hundred six dollars and twelve cents paid out in discharge of unprobated claims against the estate, and that the value of the one hundred fifty-four acres of land was one thousand five hundred dollars, for which the executors had accepted only one hundred twenty-five dollars, therefore the surviving executor should be charged with the difference between those two amounts. These are the principal questions in the case although there is one other that will be referred to later.

The question out of which the other questions arise is whether or not the will created a trust estate to be administered by the executors out of court. The will first makes two specific bequests, one to Miss Kate Dexter of two thousand dollars and the other to Mrs. Allenee Bryan in the sum of five hundred dollars. **The third**

paragraph provides that the balance of the estate, both real and personal, shall be converted into cash at the earliest practicable time and divided as follows: One-fourth to his brother W. A. Bryan or his heirs; one-fourth to another brother, J. H. Bryan, or his heirs; one-twentieth each to the heirs of J. B. Bryan (naming them); one-sixteenth each to others (naming them); and one-twenty-fourth each to others. The will appointed his brothers W. A. Bryan and J. H. Bryan executors without bond "and without making any accounting to any court," and provided that if one should die the survivor should have all powers of both. The fifth paragraph of the will provided, "my executors or executor, as the case may be, are hereby given full power to fix the price, sell at public or private sale and convey title to my real and personal property."

The testator operated a supply store and owned land; connected with his business there were many accounts both receivable and payable. The executors qualified, proceeded to convert the property, both real and personal, into money, collect the indebtedness due the estate, and pay the indebtedness due by it. The estate was amply solvent. After doing all this, they divided the proceeds as directed by the will. The record is silent as to whether publication to creditors to probate their claims was made. None of the claims was probated. It was shown that claims to the amount of seven thousand one hundred six dollars and twelve cents were paid without having been probated.

Section 1674, Code of 1930, provides, among other things, that the executor or administrator shall not pay any claim against the deceased unless the same has been probated, allowed, and registered. Appellants contend that under this statute the executor is chargeable with the amount of unprobated claims paid by him. Appellee, on the other hand, contends, and the chancellor so held, that the will took this estate out of the ordinary course of administration and created a trust estate to be admin-

istered by the executors out of court, and therefore the statute prohibiting the payment of claims against the estate of a decedent by the personal representative without being probated has no application.

We are of the opinion that the chancellor was correct in his holding. Although not directly in point on its facts, the governing principles are laid down in Gordon v. McDougall, 84 Miss. 715, 37 So. 298, 5 L. R. A. (N. S.) 355, and they are also stated in 24 C. J., section 2321, pp. 937, 938, and cases in note 11. Although there is no express provision in the will for the payment of debts, taking the instrument as a whole, no other reasonable construction can be put upon it than that the testator created a trust estate for the payment of debts and for the benefit of certain legatees and devisees named. With reference to the sale of the property, real and personal, constituting the estate, the executors were given as large powers as the testator himself had; they were given the power to fix the price and sell at public or private sale, and were directed to convert the estate into cash as soon as practicable. Those provisions, in connection with the fourth paragraph dispensing with bond and "accounting to any court," we think plainly manifest the purpose on the part of the testator to have the estate administered out of court. The probation of claims against an estate is part of a system of accounting to the court for the benefit of those interested, and no accounting being required, it was not necessary for the claims to be probated. It does not follow that where a trust estate of this character is created the creditors, devisees, legatees, and heirs are without remedy for maladministration of the estate by the executor; they have the same right to resort to the courts as the beneficiaries in any other character of trust estate.

The other ground of exception to the account involves the conveyance by the executors of the one hundred fifty-four acres of land to Harkins. Here are the undisputed facts about that: Harkins and the testator were brothers-

in-law; during the life of the testator he sold Harkins the one hundred fifty-four acres of land for one thousand five hundred dollars; Harkins went into possession of the land, and had been in possession some time when the testator died; before the death of the testator Harkins had paid all the purchase price except one hundred twenty-five dollars. This was a parol sale; there was no writing evidencing it. The executors knew that the testator would have made the conveyance on the payment of the balance of the purchase money had he been living, they also knew that he would have been morally bound to do so, if not legally; therefore, in making the conveyance, they did exactly what they conceived the testator should and would have done had he been living, and what he wanted them to do after his death. Harkins obtained the land and paid the purchase price for it. We are unable to see how the legatees and devisees were injured by the transaction. The estate would not have been permitted to keep both the land and the purchase money.

The land transaction and the amount paid on it by Harkins and the balance due were all established alone by the surviving executor, J. H. Bryan. Appellants objected to his testimony upon the ground that its effect was to establish the defense of the witness against the estate of a deceased person in violation of section 1529, Code of 1930. It is argued that the exceptors to the final account were seeking to hold the executor liable for the difference between the one hundred twenty-five dollars and the actual value of the land, and therefore the effect of his testimony was to establish his own defense against the estate. The statute has no application; it expressly provides that a person is permitted to give evidence in support of his claim or defense against a deceased person which originated after the death of such deceased person in the course of administering the estate. The defense of the executor to the claim originated after the death of the decedent, not before.

Affirmed.

**Ethridge, P. J.**, delivered an opinion, specially concurring:

I concur in the result of this decision with grave doubts as to its correctness; and but for the decisions of this court in Gordon v. McDougall, 84 Miss. 715, 37 So. 298, 5 L. R. A. (N. S.) 355, and Abbay v. Hill, 64 Miss. 340, 1 So. 484, would not consent to this holding. But the result of the decisions by virtue of the re-enactment of two Codes by the Legislature binds us to the construction placed in these decisions of the court by our predecessors. I doubt if these decisions carry us to the limit now placed on the statute and the dispensing with probations by creating a trust. It seems to me that the executor should present the will for probate and file an inventory and give notice to creditors to probate their claims, and then when the will gave the power could proceed until the time for closing the estate and should then file his final account so as to have a record. If the will expressly names the debts, or the creditors and the amount of their claims and directs their payment from his estate or specified property set aside for that purpose, he may do so and it will be the creation of a trust as held in Rainey v. Rainey, 124 Miss. 780, 87 So. 128, and O'Reilly v. McGuiggan, 91 Miss. 498, 44 So. 986, 15 Ann. Cas. 623. But when no debts are mentioned, and no property is set aside by the will to pay debts, it seems to me that no trust is created.

The purpose of having claims probated is not only for the information of the court in administering the estate, but is for the information of creditors, heirs, devisees, and legatees and all others having an interest in the estate. Where the debts are not named in a will or their character indicated, there should be no payment without having their character established in probation proceedings. Every creditor, heir, legatee, or devisee is entitled to have them filed in the court so they may contest them and have full opportunity to do so. There should be no further dispensing with probation than is already pro-

·vided in our decisions. I therefore write to have it understood that this case is not to extend the doctrines heretofore announced by this court.