## Nunnelly, Guardian, et al. v. Nunnelly, et al.

(Decided January 23, 1917.)

### Appeal from Fayette Circuit Court.

1.  Infants—Sale of Real Estate of.—In a suit under section 489 of the code for the sale of infants' real estate for the maintenance and education of the ward, the court has no jurisdiction to order a sale unless it appears that the sale will benefit the infants.

2.  Parties—Contingent Remaindermen When Necessary.—In a suit to obtain the construction of a will in which it is sought to defeat the claim of contingent remaindermen to an interest in the estate, the remaindermen are necessary parties.

HOBBS & NORTH for appellants.

E. L. HUTCHINSON and GEORGE E. MORGAN for appellees.

J. T. FARMER, Guardian ad litem.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

James A. Darnaby died in 1890, leaving surviving him his widow, Susan Darnaby, who died several years ago, and two daughters, Mattie Weathers and Nannie Nunnelly, the wife of S. P. Nunnelly, his only children. The fifth clause of his will reads: "It is my will and desire that my executrix keep all of my land and manage it as she may see proper or best and for her to have a good living out of the income during her life, and in the event of her death, then it is my will and desire that my land be divided equally between my two daughters, Mattie Weathers and Nannie Nunnelly, to have and to hold during their natural lives, and in the event of the death of my daughter, Mattie Weathers, her share of my land shall go to her child or children, and in the event of the death of my daughter, Nannie Nunnelly, then her share of my land shall go to her child or children, and in the event of the death of either of my two daughters above named, leaving no child or children, then their share of my land shall go to the other daughter and to her child or children at her death."

After his death, as appears from the petition, his land was divided, and there was allotted to Nannie D. Nunnelly for life, with remainder to her children, one tract of land containing 84½ acres and another tract containing 27½ acres.

Nannie D. Nunnelly and her husband, S. P. Nunnelly, had eleven children. Seven of the children died, intestate and unmarried, leaving surviving when this suit was decided in the lower court, four children, viz.: James, Coleman, Clifton and Nancy, three of whom are infants. One of the seven deceased children died while the suit was pending and Coleman, who was an infant when the suit was brought, has since arrived at age.

This suit was brought in 1916 by S. P. Nunnelly, as guardian of his infant children, and S. P. Nunnelly and his wife, Nannie, as individuals, against the infant children, who are represented by J. T. Farmer, guardian *ad litem*. In this suit the plaintiffs set up the ownership for life of Nannie D. Nunnelly in the 84½-acre and the 27½-acre tract of land heretofore mentioned, with remainder to their children.

It further appears from the petition that previously in a suit brought in the Fayette Circuit Court these two tracts of land were sold, the proceeds of the 27½-

acre tract being reinvested in two houses and lots in
the city of Lexington, but the proceeds not being suffi-
cient to pay the purchase price of these two houses and
lots, a mortgage for forty-five hundred dollars was, by
the consent of the Fayette Circuit Court, placed on this
property. It also appears that a part of the proceeds of
the 84½-acre tract was reinvested in a house and lot in
Lexington and the remainder of the proceeds of this
piece of land, viz., five thousand dollars, is in the hands
of the commissioner of the Fayette Circuit Court.

It further appears that the three houses and lots in
Lexington are worth ten thousand dollars, subject to the
mortgage lien of forty-five hundred dollars. It was also,
averred that S. P. Nunnelly had no property or income
and was in bad health and unable to labor for the sup-
port of himself or his children. It was further averred
that in order to support and educate the children who
died, as well as the children who are living, debts to the
amount of more than twelve thousand dollars had been
incurred, which indebtedness was secured by a mortgage
on the houses and lots mentioned and 217 acres of land
owned by Nannie D. Nunnelly.

The prayer of the petition was that the three houses
and lots in Lexington be sold and the proceeds applied
to the payment of the debt before mentioned. It was
also asked that the case be referred to the commissioner
to ascertain the indebtedness of Nannie D. Nunnelly,
and that the five thousand dollars in the hands of the
commissioner be applied to the payment of the debt
and a sufficient amount of the property, viz.: the houses
and lots, be sold to pay the balance.

In an amended petition, after setting out that all the
indebtedness was created in educating and taking care
of the children, it was further averred that two of the
infant children were of tender age and that their
parents were not able to furnish them the money to com-
plete their education, and that the income from the
estate was not sufficient for that purpose, and the
prayer of this amended petition was that the indebted-
ness set out in the petition be adjudged a lien against
the life estate of Nannie D. Nunnelly and also against
the remainder interest of their children.

There appears in the record we have the report of
the guardian *ad litem,* but there is no report of the com-
missioner, nor is there any evidence. It is also shown

that the court, having previously overruled a demurrer to the petition, found that Nannie D. Nunnelly owned a, life interest in the houses and lots in Lexington, with; remainder to her children, and that there was an indebtedness of over fifteen thousand dollars, and that all this indebtedness was incurred in maintaining and supporting the children, including the infant children now living; and the court then adjudged that the five thousand dollars in the hands of the commissioner be applied to the payment of these debts and that the three houses and lots in Lexington be sold.

After this the master commissioner sold one of these houses and lots for $3,260 to Freeman, another one for $3,250 to Gardner, and the third one for six thousand dollars to Reese, but it appears from the report that Reese did not comply with the terms of the sale. Subsequently the exceptions to the report of sale filed by Freeman and Gardner were set aside. The order overruling the demurrer of the guardian *ad litem* to the petition was also set aside and the demurrer sustained and the petition as amended dismissed. From this judgment S. P. Nunnelly, as guardian, S. P. Nunnelly and Nannie Nunnelly, individually, and their child, James R. Nunnelly, prosecute this appeal.

We are informed in the brief of counsel for the appellants, that this suit was brought under subsection 3 of section 489 of the Civil Code, providing that: "A vested estate of an infant or of a person of unsound mind, in real property, may be sold by order of a court of equity . . . . in an action by a guardian against his ward, for a sale of the estate for the maintenance and education of the ward." It is provided in subsection 4 of section 492 of the code that, "In the actions mentioned in subsections 3, 4 and 5 of section 489 . . . . facts must be stated in the petition, and must be proved, showing that the sale will benefit the defendant." It is also provided in section 493 that before a sale is ordered the guardian must execute a bond, but we do not find in the record any evidence or any bond. It is also apparent from the pleadings and orders of court that the indebtedness for which it was sought to subject the estate of the infants was not created in their education or maintenance; certainly very little of it could have been expended in the education and maintenance of the three living infants. Therefore, the

court had no jurisdiction to order a sale of the estate of these infants for the purpose of satisfying the indebtedness, or any part of it. These reasons, briefly stated, furnish conclusive evidence of the correctness of the judgment of the lower court in setting aside the sales and in sustaining the demurrer to the petition as amended.

It appears that counsel for the appellants as well as the guardian *ad litem* attempted to raise in the lower court the question as to what estate the children of Mrs. Nunnelly took under the fifth clause of the Darnaby will. Counsel for the appellants insist that these children took a fee simple title, subject to the life estate of their mother, Nannie D. Nunnelly, and that upon the death of the seven children, intestate and unmarried, their interest in the estate passed under the law of descent and distribution to the parents of the children; while the guardian *ad litem* contends that under the will the children of Mrs. Nunnelly took a defeasible fee, subject to be defeated by their death before the death of their mother, and that as these seven children died before their mother, intestate and unmarried, their interest in the estate passed to the surviving children. But we do not feel at liberty to determine this controversy although asked to do so, because it does not appear from the record to have been decided by the lower court. The case, after the sale was made, was submitted for judgment on exceptions filed by the purchasers of the property and also on exceptions filed by the guardian *ad litem*.

The exceptions filed by the purchasers were: (1) that there was a lien on the property for taxes; (2) that it was encumbered by an easement; (3) that no bond was executed to protect the interest of the infants; (4) that the court had no jurisdiction to order a sale; and, (5) that the children of Mattie Weathers, who had a contingent interest in the property, were not made parties to the suit.

The exceptions filed by the guardian *ad litem* were that the court had no jurisdiction to order the sale and that the children of Mattie Weathers were not proper parties to the suit.

The order disposing of these exceptions recites that the case was submitted on the exceptions to the report of sale filed by the purchaser as well as by the guardian *ad litem,* which were sustained and the sale set aside.

It further recites that the demurrers of the guardian *ad litem* to the first, second and third amended petition, were sustained, and the petition and amended petitions were dismissed. From this order this appeal is prosecuted.

It does not appear from this order that the lower court passed at all on the question as to what interest the children of Mrs. Nunnelly took in the estate, or on the question whether this interest on the death of any of these children, intestate and unmarried, before the death of their mother, went to the parents or to the surviving children. But aside from this, the fifth clause of the will of James Darnaby gave his estate to his wife for life, and at her death directed that it should be divided equally between his two daughters, Mattie Weathers and Nannie Nunnelly, "to have and to hold during their natural lives, and in the event of the death of my daughter, Mattie Weathers, her share of my land shall go to her child or children, and in the event of the death of my daughter, Nannie Nunnelly, then her share of my land shall go to her child or children, and in the event of the death of either of my two daughters above named, leaving no child or children, then their share of my land shall go to the other daughter and to her child or children at her death."

It further appears that Mattie Weathers died in 1891, and we learn from the exceptions filed by the guardian *ad litem* that Mattie Weathers left children surviving her. This being so, it seems to us that the children of Mattie Weathers are necessary parties to a suit involving the construction of the Darnaby will, because, according to the contention of the guardian *ad litem*, if Mrs. Nunnelly died without leaving surviving her any child or children, then her share of the land would go to the children of Mattie Weathers, Mattie Weathers being dead; while, according to the construction of the fifth clause of the Darnaby will contended for by counsel for Mrs. Nunnelly, neither Mattie Weathers nor her children took any interest in the estate given to Mrs. Nunnelly and her children. In view, therefore, of the fact that we think the children of Mrs. Weathers are necessary parties, we refrain from expressing any opinion whatever as to how this will should be construed.

The case comes here, then, on the exceptions filed by the purchasers at the sale, and on the demurrers filed by the guardian *ad litem.* On these questions we think the court correctly held that the sale should be set aside and also correctly held that the demurrers to the pleadings should be sustained. On a return of the case, however, the plaintiffs should be permitted to file an amended, and reformed petition setting out the relief to which they claim to be entitled and asking for a construction of the Darnaby will, and to this suit the children of Mrs. Weathers should be made parties.

Wherefore, the judgment is affirmed.