MARX ET AL. *v.* HALE ET AL.

[81 South. 119, Division B.]

WILLS. *Action to construe. Necessary parties.*

> Where the codicil to the will of a testator directed that a named person should take of his estate equally with the testator's brothers and sisters, "he and they to have my estate," in such case the brothers and sisters of the testator, if living and their heirs, if dead, are necessary parties to any suit affecting the disposition of the property under such will.

APPEAL from the chancery court of Tallahatchie county.

HON. JOE MAY, Chancellor.

Bill by Mrs. Pearl Marx and others against C. H. Hale and others. Demurrer to bill sustained and complainants appeal.

The facts are fully stated in the opinion of the court.

*Woods & Kuykendall* and *William Baldwin,* for appellants.

*C. H. Hale* and *Dinkins & Caldwell,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The appellants filed a bill in the chancery court to cancel clouds on the alleged title of complainants to certain lands in Tallahatchie county, claiming through Mrs. Julia A. Neilson, widow of Charles A. Neilson, the said Charles A. Neilson having made a will and testament disposing of said lands. Said will and codicil are set out in the opinion of *Hale* v. *Neilson,* 112 Miss. 292 et seq., 72 So. 1011, which case is referred to for the provisions of the will and codicil, the only difference being that in the present record the second item of the codicil omits the words "and sisters" after the word "brothers" in the latter part of said item, and reads as follows:

"It is further my will and I so direct that said John W. Johnson take of my estate equally with my brothers and sisters, that is to say, he and they are to have my estate, share and share alike as provided in my last will for my brothers except that the said John W. Johnson is not to share in any of my stock as provided in the first item of the codicil."

It is alleged in the bill that Annie F. Symons and Catherine C. Hopkins had predeceased the testator, Charles A. Neilson, and that the devises to said Mrs. Annie F. Symons and Mrs. Catherine C. Hopkins had lapsed, and that the complainants as heirs at law of Mrs. Julia A. Neilson, the widow, inherited the said lands by reason of said lapsing of said provisions for said sisters, on the theory that the alleged lapsed estate went to the widow as heir. The bill does not allege that none of the brothers and sisters of Charles A. Neilson, deceased, maker of the will, were living at the time of his death, nor have the brothers and sisters, if living, nor their heirs if dead, been made parties as such heirs or devisees to this bill.

In the case of *Branton* v. *Buckley,* 99 Miss. 116, 54 So. 850, L. R. A. 1917C, 527, this court, in construing a

provision in the will in that case, held that the estate willed to the brothers and sisters meant the brothers and sisters of the testator living at the time of his death, as a class, and it appears to us that under the terms of the codicil, the second item of which is set out above, that the brothers and sisters of the testator if living, and their heirs if they are dead, are necessary parties to any suit affecting the disposition of the property under this will.

In the original will certain devises were made to Annie F. Symons and Catherine C. Hopkins, sisters of the testator, and Annie Little, a niece, Walker Neilson, a nephew, and William and Benjamin Covington, other nephews. The codicil is not dated, and it may be that the codicil was written after the death of the said Mrs. Symons and Mrs. Hopkins. The bill does not allege the date or circumstances existing at the time of the writing of the codicil, nor does it allege who are the proper heirs at law of Charles A. Neilson, deceased, if all of the brothers and sisters of said Neilson predeceased him. In the absence of these necessary parties and necessary averments, we think it would be improper to enter upon a definite construction of the will and codicil.

The chancellor was right in sustaining a demurrer to the bill, but he should not, on the allegations in and the parties to this record, have construed the will, and the construction placed upon it by the chancellor in passing on the demurrer will not be considered an adjudication of the question dealt with, but in other respects the judgment will be affirmed, and the bill dismissed, without prejudice to the rights of the parties interested to file proper bill making all parties who may be interested parties to such bill.

*Affirmed.*