**DALLAS BANK & TRUST CO. v. HOLLOWAY et al.**

No. 3316—571.

District Court, N. D. Texas, Dallas Division.
May 19, 1931.

McBride, O'Donnell & Hamilton and Ralph Wood, all of Dallas, Tex., for the motion.

Goggans & Ritchie and Lewis M. Dabney, Jr., all of Dallas, Tex., and Baker, Botts, Andrews & Wharton, of Houston, Tex., opposed.

ATWELL, District Judge.

The plaintiff, a Texas corporation, with its place of business in Dallas, sues, as executor and trustee of the will of Allie C. McClellan, deceased, Beatrice Holloway, Mrs. Nellie McTiernan, Ethel Niblo, Maggie Callahan, Charlie Puckett, Leona Brewer, R. H. Gamble, Elmo Niblo, all citizens of Texas, Thomas McClellan, a citizen of Alabama, George and Sallie Slaton and Ernest Linwood, whose residences are unknown, Teresa D. Castelan, a citizen of New York, Mamie White Eighelberger, a citizen of Alabama, Thomas Diegnan, a citizen of California, the City of Dallas, a municipal corporation existing under and by virtue of the laws of

the state of Texas, St. Paul Sanitarium, Dallas, a Texas corporation, and James V. Allred, as Attorney General of the state of Texas.

It alleges:

That on the 12th day of June, 1929, the said will was admitted to probate. That an appeal was taken from said order to the state district court, which continued to order probation. That all of the defendants, except the Attorney General, are devisees and beneficiaries. That, in addition to them, the will made plaintiff trustee of the residue of the estate after payment of the bequests made to the defendants, for the purpose of holding and administering the residuary estate in a fund to be created and called, "Allie C. McClellan Memorial Working Girls' Loan Fund," for the purpose of aiding and assisting deserving white working girls of Dallas.

That said will also provides that: "All bequests that are not claimed and paid within two full years after the probate of this will shall then become null and void, and the sum so claimed and paid shall revert to and become a part of my residuary estate; and for the purpose of paying said bequests, the said Dallas Trust & Savings Bank is authorized and empowered to convert any of my estate into money. * * *"

That at the time of the death of the testatrix her estate consisted principally of real estate of the estimated value of more than $60,000. That at the time of the final probate of the will, through depressed conditions, and shrinkage in values, the property had decreased until it was insufficient, if sold, to pay all of said bequests, and to create the trust fund alleged. That the real estate market is still depressed, and values are such that, if the property is now sold, it is probable that the funds realized would be insufficient to pay said bequests in full, and to create the trust.

That, by reason of that provision of the will which provides for the payment of the bequests within two years after its probate, the plaintiff is uncertain as to the course it should pursue, and is uncertain whether it should sacrifice the property in order to partially pay said bequests, or whether it should hold same pending a more favorable real estate market. That it is unable to determine, from the terms of the will, whether it has the discretion to hold said property for a favorable market or whether it is required to dispose of the same within two years from the date of the probate. That therefore it is unable to act with safety.

It then prays that each defendant be cited, and that the court construe the will, and particularly the provision quoted relating to the payment of the bequests within two years from the probate of the will, and determine the validity of said will and all of the provisions and terms thereof, including the provision providing for the working girls' memorial fund, and in all respects declaring said will and all of the terms and conditions thereof to be legal and valid, and to instruct plaintiff fully in its duties as executor and trustee.

All nonresident defendants join in a petition to remove. They claim there is in dispute a controversy which is wholly between citizens of different states, and which can be fully determined as between them, to wit, a controversy between them and the bank. This controversy they allege to be over items 20 and 21 of the will.

An examination of the removal application discloses no further reference to item 20. Item 21 is described to be a provision, which has already been mentioned, for a trust to be administered for the benefit of working girls. It is claimed that this provision is void, and does not vest in the plaintiff the residuary estate claimed, because the trust attempted is vague, uncertain, and indefinite, and violates the rule against perpetuities as set forth in article 1, § 26, of the Constitution of Texas. Likewise, that it provides for an unlawful and perpetual accumulation, and the bequest is not for a charitable use, that in view of this invalidity, all of the rest of the estate after the payment of the debts and the legacies and bequests set forth in the will is the property of the nonresident citizens, and that neither the bank nor any of the other defendants have any interest therein.

Plaintiff moves to remand.

Federal courts have no probate jurisdiction. Where a state law, statutory or customary, gives to the citizens of the state in an action or suit inter partes the right to question, at law, the probate of a will, or to assail probate in a suit in equity, the courts of the United States in administering the rights of citizens of other states will enforce such remedies. Sutton v. English, 246 U. S. 199, 38 S. Ct. 254, 62 L. Ed. 664; Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524; Franks v. Chapman, 60 Tex. 46; O'Connor v. Slaker (C.

C. A.) 22 F.(2d) 147; Reed v. Reed (C. C.) 31 F. 49; Anderson v. Appleton (C. C.) 32 F. 855.

 The will, in its entirety, is not before the court, but, from the removal record, there are some allegations made in the answers of the resident defendants that indicate that the size of some of the local bequests and the size of the working girls' fund may depend upon the size of the estate and the money realized therefrom, since there seems to be provisions in the will for the reduction of certain bequests upon certain contingencies.

Likewise, in an answer filed by the removing defendants, after the cause reached this court, it appears that the attack is made upon items 11 and 21, instead of items 20 and 21, as shown in the removal petition.

But those matters may be overlooked, since the plaintiff's petition, in the absence of any suggestion of fraud, must control. The plaintiff entered the state court for the purpose of asking that court for construction and advice as to that provision of the will which would make void any legacy which remained unpaid after the expiration of two years. The plaintiff has been unable to realize cash on the properties. It is concerned as to what course it should take.

Coupled primarily and importantly with such construction is its further desire to discover its complete validity. This matter concerns every person that is a beneficiary. They are all joined together by the plaintiff's allegations, and the cause is a complete entity inseparable and legally indistinguishable. That the nonresident defendants may have their benefits reduced by the validity of the girls' provision or increased by its invalidity is not such a separate unit of controversy as brings it within the removal statute, and the court would not be justified in partitioning and dividing what the plaintiff desires done as a whole.

It does not certainly appear from the plaintiff's pleading that the nonresidents are in no way interested in the pleaded desire of the plaintiff to have permission of the court before it delays the raising of funds to that point which might jeopardize the payment of legacies after the two-year period. Nor does it certainly appear that there can be such a separation of the plaintiff's desire into issues as to make one of those issues determinable wholly by itself between the plaintiff and the nonresident defendants. The plaintiff's desire is pleaded in such a unit as to make it inappropriate for a court to divide it in the face of the plaintiff's good faith desire for its determination at one and the same time in the court of its choice.

 The authorities agree upon the proposition that all of the beneficiaries under a will are indispensable parties, Harper et al. v. Hudgings (Mo. Sup.) 211 S. W. 63; Loomis Institute v. Healy, 98 Conn. 102, 119 A. 31; Nunnelly et al. v. Nunnelly, 173 Ky. 372, 191 S. W. 85; Marx v. Hale, 119 Miss. 410, 81 So. 119; Brown v. Brown (Sup.) 190 N. Y. S. 373; Early v. Arnold, 119 Va. 500, 89 S. E. 900; but this general rule would probably not control if and when a cause appeared to be clearly separable, even though such cause be for the reading of a will under the removal statute (28 USCA § 71).

The court is persuaded that the motion to remand is well taken.